

FILED by _____ D.C.

MAY 1 1 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRACFONE WIRELESS, INC., a
Florida corporation,

               Plaintiff,

vs.

PHONES N' PHONES, INC., a Texas corporation,
WIRELESS HOUSING, INC., a Texas corporation,
ASPAC, Inc., a Texas corporation, MURAD MEHDI
VELANI, individually, and AMIN SAYANI, a/k/a
NAUSHAD SAYANI, individually, and JOHN
DOE NOS. 1 through 20, individually,

               Defendants.
_____/

CASE NO.:

**07-21242**

**CIV-KING**

**MAGISTRATE JUDGE
GARBER**

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
### (Jury Trial Demanded)

      Plaintiff, TracFone Wireless, Inc., a Florida corporation ("TracFone"), sues Defendants,

Phones N' Phones Inc., a Texas corporation ("Phones N' Phones"), Wireless Housing, Inc., a

Texas corporation ("Wireless Housing"), ASPAC, Inc., a Texas corporation ("Aspac"), Murad

Mehdi Velani, individually ("Velani"), and Amin Sayani a/k/a Naushad Sayani, individually

("Sayani") (Defendants are referred to collectively as "Defendants"), and states:

### INTRODUCTION AND BACKGROUND

      1.     This is an action for damages and injunctive relief arising out of Defendants'

unlawful business enterprise that improperly infringes on TracFone's incontestable trademarks,

copyrights and other rights related to TracFone's prepaid wireless service and constitutes a

breach of the terms and conditions that govern the sale and purchase of all TracFone prepaid

wireless telephones ("TracFone Prepaid Phones" or "Phones").

MIA#2616943.1

2.     As set forth in greater detail below, Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and unlawful bulk purchase and resale of TracFone Prepaid Phones, unauthorized and unlawful computer unlocking or reflashing of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and trafficking of the Phones for profit (the "Bulk Resale Scheme").

3.     Defendants perpetrate their Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target and Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. Defendants acquire the TracFone Prepaid Phones with the knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network. Instead, the Phones are computer-hacked.   The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system.  The reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks.  Defendants are not, and have never been, authorized retailers of TracFone products.

4.     In an effort to prevent these unlawful business practices, TracFone retailers have implemented policies limiting the number of TracFone Prepaid Phones an individual may purchase on a daily basis.

5.     Defendants' conduct, together with that of currently unknown civil and criminal co-conspirators, is causing TracFone to suffer millions of dollars in losses and has caused immediate and irreparable injury to TracFone.

## PARTIES, JURISDICTION AND VENUE

6.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

7.      TracFone is a Florida corporation, with its principal place of business in Miami, Florida.

8.      Phones N' Phones is a Texas corporation that is and has been conducting business in the State of Florida.

9.      Wireless Housing, Inc., a Texas corporation that is and has been conducting business in the State of Florida.

10.     ASPAC, Inc., a Texas corporation that is and has been conducting business in the State of Florida.

11.     Murad Mehdi Velani is an individual over the age of 18 years and is otherwise *sui juris*. Upon information and belief, Velani is a resident of Texas. Velani is and has conducted business in the State of Florida.

12.     Amin Sayani a/k/a Naushad Sayani is an individual over the age of 18 years and is otherwise *sui juris*. Upon information and belief, Sayani is a resident of Texas. Velani is and has conducted business in the State of Florida.

13.     John Does Nos. 1 through 20 are unidentified co-conspirators of the Defendants. TracFone shall amend its pleadings and join the proper parties upon learning the identity of John Does Nos. 1 through 20.

14.     Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 and 17 U.S.C. § 1203 because TracFone's claims for violations of the United States Copyright Act and United States Trademark Act arise under federal law. Subject matter

jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are of diverse citizenship and Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over TracFone's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

15.    The Defendants are subject to the personal jurisdiction of this court pursuant to § 48.193(1)(a), Fla. Stat., because the Defendants have conducted, engaged in and carried out a business venture in this state. The Defendants are also subject to the personal jurisdiction of this court pursuant to § 48.193(1)(b), Fla. Stat., because the Defendants have committed tortious acts within this state. The Defendants are also subject to the personal jurisdiction of this court pursuant to § 48.193(1)(f)1. because the Defendants have caused injury to persons within this state arising out of an act or omission by the Defendants outside of this state while the Defendants were engaged in solicitation or service activities within this state. Finally, Defendants are subject to the personal jurisdiction of this court pursuant to § 48.193(1)(g) because the Defendants breached a contract in this state by failing to perform acts required by the contract to be performed in this state.

16.    The Defendants are also subject to this Court's personal jurisdiction pursuant to § 48.193(2), Fla. Stat., because the Defendants are engaged in substantial and not isolated activity within this state.

17.    Defendants' have sufficient minimum contacts with Florida to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment. Defendants have purchased and/or sold large quantities of TracFone Prepaid Phones from other persons and

businesses located in Florida including, without limitation, Clinton Riedeman d/b/a Larry's Cell in Orlando, Florida.

18.    Defendants have engaged in continuous and systematic general business activity in the State of Florida.

19.    Defendants have shipped reflashed Phones to Advance Cargo at 2530 NW 98 CT., Suite 103, Miami, FL.

20.    Defendants have purchased thousands of new TracFone Prepaid Phones from other traffickers, including Clinton Riedeman d/b/a Larry's Cell, located in Florida.

21.    A causal connect exists between the Defendants' activities and the basis for this suit.  Defendants purchased and sold thousands of TracFone Phones from and to numerous wireless companies in Florida.  TracFone's suit against Defendants arises from this same activity.

22.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and 1400 because TracFone maintains its principal place of business in this District, the impact of Defendants' misconduct occurred in this District, a significant part of Defendants' misconduct occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## TRACFONE'S BUSINESS MODEL

23.    TracFone is the largest provider of prepaid wireless telephone service in the United States with seven million customers nationwide. TracFone's service enables its customers to prepay for their wireless service by purchasing airtime cards and specially manufactured wireless Phones.  Customers load airtime into their TracFone Prepaid Phones using codes generated from PIN numbers found on the airtime cards.  TracFone Prepaid Phones and airtime cards are sold through major national retailers such as Wal-Mart, Target, and Sam's Club.

24.    TracFone is considered a "Mobile Virtual Network Operator" or "MVNO" in the wireless industry.   The company is not a facilities-based wireless provider like Cingular, Verizon, T-Mobile or Sprint/Nextel.   Rather, TracFone contracts with facilities-based wireless providers to purchase airtime on their networks for use by TracFone's customers.

25.    TracFone's business model is based upon TracFone's ability to deliver an affordable product to its customers. Therefore, TracFone subsidizes its customers' acquisition of the TracFone Prepaid Phones by selling its Phones for substantially less than the Phones cost TracFone.  TracFone recoups this subsidy through profits earned on the sale of the TracFone prepaid airtime cards that are required to make and receive calls on the TracFone Prepaid Phones. TracFone is able to offer its Phones at affordable prices only if the Phones are used as intended on the TracFone prepaid wireless network.

26.    Manufacturers that produce wireless phones for TracFone install special proprietary prepaid software, developed and owned by TracFone ("TracFone Prepaid Software"), into the TracFone Prepaid Phones. The TracFone Prepaid Software prevents TracFone Prepaid Phones from being used without loading airtime minutes from a TracFone prepaid airtime card.

### TRACFONE'S FEDERALLY PROTECTED RIGHTS

27.    TracFone is one of the oldest and leading providers of national prepaid wireless telecommunications services. TracFone has used, and continues to use, trademarks in commerce including the TracFone mark.  In particular, TracFone owns and has also used the registered trademarks identified below:

a.  Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone, used in connection with prepaid airtime cellular telephones and cellular telephone accessories, in international category 9;

for cell phone telephone services and providing monitoring and control services for use in connection with prepaid airtime cellular phones and debit cards, in international category 38; and wholesale distributorship featuring the same, in international category 42, issued on November 18, 1997 and based on dates of first use in June, 1996.

b.   Incontestable United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone and Design, used in connection with prepaid air time cellular telephones and cellular telephone accessories in international category 9; for on-line retail store services featuring the same, in category 35; and for cellular telephone services and monitoring and control services for use in conjunction with prepaid airtime cellular phones and debit cards, in category 38; issued on September 9, 2003 and based on dates of first use in December, 2001.

28.   TracFone's aforementioned marks (the "Marks") constitute the lawful, valued, subsisting and exclusive property of TracFone, and as a result of the high quality of TracFone's products, services, sales, promotion and advertising thereof, the marks have become an intrinsic and essential part of the valuable goodwill and property of TracFone, and are well known and established to customers and the trade as symbols identifying and distinguishing TracFone's products and services, and signifying distinctive services of exceptional quality.   True and correct copies of the certificates of registration issued by the United States Patent and Trademark Office for the Marks are attached as **Exhibits A** and **B**.

29.   TracFone also holds a valid copyright on the TracFone Prepaid Software. TracFone's application for registration of this copyright was filed with the Library of Congress on September 15, 2006.

30.     TracFone Prepaid Phones are sold in packaging that conspicuously restricts the sale and use of TracFone Phones.

31.     The restrictions and limitations are intended to restrict the use of TracFone Prepaid Phones solely to TracFone's wireless virtual prepaid network.

32.     TracFone Prepaid Phones may access TracFone's wireless virtual prepaid network only within the United States, the U.S. Virgin Islands, and Puerto Rico (the "Coverage Area").

33.     TracFone Prepaid Phones cannot access TracFone's network outside of the Coverage Area. Unless the TracFone Prepaid Software is illicitly removed, TracFone Prepaid Phones are inoperable on any wireless network outside the Coverage Area.

34.     The retail packaging in which TracFone Prepaid Phones are sold contains the following conspicuous language that is printed right on the packaging:

> THIS TRACFONE HANDSET IS SOLD EXCLUSIVELY FOR USE WITH TRACFONE PREPAID WIRELESS SERVICE. YOU AGREE NOT TO TAMPER WITH OR ALTER THE SOFTWARE OR HARDWARE IN THIS PHONE, OR ASSIST OTHERS IN SUCH ACTS, OR TO EXPORT TRACFONE HANDSETS OUTSIDE OF THE UNITED STATES. THESE ACTS VIOLATE TRACFONE'S RIGHTS AND COULD VIOLATE STATE AND FEDERAL LAWS. TRACFONE WILL PROSECUTE VIOLATORS TO THE FULL EXTENT OF THE LAW. BY PURCHASING OR OPENING THIS PACKAGE, YOU ARE AGREEING TO THESE TERMS AND THE TERMS AND CONDITIONS OF SERVICE IN THE ENCLOSED USER GUIDE (AND AVAILABLE AT WWW.TRACFONE.COM).

35.     All TracFone Prepaid Phones are sold subject to additional restrictions and limitations on their use. These restrictions and limitations are set forth in printed inserts that are packaged with the phones as well as printed warnings that are placed on the outside of the retail packaging of the phones.

36.     The Terms and Conditions constitute a binding contract between TracFone and

Defendants.

37.     The Terms and Conditions prohibit the unauthorized use of TracFone Prepaid

Phones.  The Terms and Conditions provide, in pertinent part, as follows:

> **UNAUTHORIZED USAGE**
> The TRACFONE handset is sold exclusively for use with the
> TRACFONE prepaid wireless Service. You agree not to tamper with or
> alter your TRACFONE or its software, enter unauthorized PIN numbers,
> engage in any other unauthorized or illegal use of your TRACFONE or the
> Service, or assist others in such acts, or to export TRACFONE handsets
> outside of the United States.  Improper, illegal or unauthorized use of your
> TRACFONE may result in immediate discontinuance of Service. These
> acts violate TRACFONE's rights and could violate state and federal laws.
> TRACFONE will prosecute violators to the full extent of the law.

38.     In recent months, TracFone has learned that although large quantities of its

TracFone Prepaid Phones are being purchased at retailers throughout the United States, a

significant number of these TracFone Prepaid Phones are not being activated for use on the

TracFone network.  Instead, upon my information and belief, Defendants are purchasing and

selling TracFone Prepaid Phones in bulk quantities.  The phones are ultimately "unlocked" or

"reflashed" and shipped overseas.

39.     The process of reflashing TracFone Prepaid Phones involves circumventing the

electronic protections installed in the handset, and then erasing, removing and/or disabling the

TracFone Prepaid Software.

40.     Once a TracFone Prepaid Phone has been unlocked or reflashed, it is no longer

operable within TracFone's prepaid wireless virtual network, and is operable on other cellular

networks.  TracFone no longer has a revenue source to recoup the invested subsidy on that

phone.

41.      Upon information and belief, the Defendants are knowingly and willfully engaged in an enterprise that traffics in and resells reflashed TracFone Prepaid Phones, or TracFone Prepaid Phones that they know, or reasonably should know, will be subsequently reflashed and resold under the TracFone trademarks as new for a substantial profit.

42.      Upon information and belief, the Defendants are selling the TracFone Prepaid Phones overseas. Unless unlocked and reflashed, the TracFone Prepaid Phones are inoperable as wireless telecommunications devices outside the Coverage Area.

43.      The Coverage Area is plainly disclosed in TracFone's packaging and in the Terms and Conditions. The only reason for shipping TracFone Prepaid Phones overseas would be if they were intended to be unlawfully unlocked and reflashed or for some other impermissible purpose.

44.      TracFone initiated an investigation and conducted surveillance of the Defendants. TracFone has determined from its investigation that Defendants have acquired and continue to acquire large quantities of new, TracFone Prepaid Phones with the intent of selling those phones to customers overseas.

45.      Defendants have actively solicited others to purchase large quantities of TracFone prepaid phones from Wal-Mart, Sam's Club and other retailers, and to sell those phones to Defendants for a small profit.

46.      Defendants have shipped reflashed Phones to Advance Cargo at 2530 NW 98 CT., Suite 103, Miami, FL.

47.      Defendants have purchased thousands of new TracFone Prepaid Phones from other traffickers, including Clinton Riedeman d/b/a Larry's Cell, located in Florida.

48.     Defendants have purchased large quantities of TracFone Phones from various as yet unidentified co-conspirators.

49.     Defendants and their unidentified co-conspirators (John Does Nos. 1 through 20) are directly, or are knowingly facilitating others who are, bulk purchasing TracFone Prepaid Phones at retail stores, re-flashing or altering TracFone's Prepaid Software in the TracFone Prepaid Phones, improperly repackaging the TracFone Prepaid Phones under the TracFone Mark, and trafficking and reselling the reflashed, counterfeit and repackaged TracFone Prepaid Phones to end consumers or to co-conspirators who sell the Phones to end consumers for profit. Defendants' participation in re-flashing and altering the TracFone Prepaid Software is not for the sole purpose of lawfully connecting to a wireless telephone communication network.

50.     Defendants have resold TracFone Phones to others as new without including each Phone's SIM card or the original TracFone packaging and accompanying inserts.

51.     Defendants are bulk selling and shipping TracFone Prepaid Phones to unknown co-conspirators, including overseas buyers in China, for profit with the intent and knowledge that the Phones are, or will be, reflashed.

## DEFENDANTS' MISCONDUCT

52.     Upon information attained during various surveillance efforts, Defendants and unknown co-conspirators, among others, are directly, or are knowingly facilitating others who are, bulk purchasing TracFone Prepaid Phones at retail stores, re-flashing or altering TracFone's Prepaid Software in the TracFone Prepaid Phones, improperly repackaging the TracFone Prepaid Phones under the TracFone Mark, and trafficking and reselling the reflashed, counterfeit and repackaged TracFone Prepaid Phones to end consumers or to co-conspirators who sell the Phones to end consumers for profit.  Defendants' participation in re-flashing and altering the

TracFone Prepaid Software is not made for the sole purpose of lawfully connecting to a wireless telephone communication network.

53.     Upon information and belief, Defendants use several websites as one method to perpetrate their Bulk Resale Scheme, including www.phonesnphones.trustpass.alibaba.com.

54.     Defendants have also taken out newspaper ads to sell reflashed phones.

55.     Upon information and belief, Defendants are bulk selling and shipping TracFone Prepaid Phones to unknown co-conspirators, including overseas buyers in China, for profit with the intent and knowledge the Phones are, or will be, reflashed and resold to end consumers.

## SUBSTANTIAL HARM CAUSED BY DEFENDANTS' MISCONDUCT

56.     Defendants' actions substantially harm TracFone by depriving TracFone of the opportunity to recoup its losses on the sale of its TracFone Prepaid Phones and to earn profits by providing wireless service to legitimate TracFone consumers.

57.     The conduct of Defendants, their unknown co-conspirators, and others who engage in the unlawful bulk purchasing, reflashing, and sale of reflashed and altered TracFone Prepaid Phones has resulted in a shortage of available TracFone Prepaid Phones for legitimate consumers, thereby substantially harming TracFone and its relationship with retailers and consumers because TracFone is not able to supply retailers with sufficient handsets to satisfy the demand from legitimate consumers.  As a result, TracFone is losing potential consumers to other wireless competitors.

58.     Defendants' actions substantially harm TracFone and consumers who ultimately purchase TracFone handsets that have been improperly reflashed.  These reflashed TracFone Prepaid Phones will not work as intended.  Consumers of these reflashed phones are unable to

access TracFone's prepaid wireless service. Consumers of the reflashed wireless phones are misled as to the source, sponsorship and origin of their reflashed wireless phone.

59.     The process of reflashing or unlocking a TracFone Prepaid Phone voids the manufacturer's warranty on the device. Both consumers and TracFone are harmed when a TracFone Prepaid Phone that has been altered by Defendants or their co-conspirators is submitted for warranty repair. Since the warranty is voided on reflashed phones, consumers who purchase reflashed phones are unable to obtain warranty service in the event they experience problems with their phones. As a result, TracFone's reputation suffers further.

60.     Defendants' conduct has also resulted in the dilution of TracFone's trademarks, substantial harm to TracFone's business reputation and goodwill and a greater likelihood of confusion, mistake and deception as to the source of origin of TracFone products unlawfully sold by the Defendants and as to the relationship between TracFone and Defendants.

## CIVIL PROCEEDINGS IN OTHER FEDERAL COURTS

61.     Federal courts have recognized that conduct similar or identical to Defendants' violates existing civil laws.

62.     TracFone and Nokia Corporation has previously filed independent lawsuits against other Defendants similarly engaged in the practice of defrauding legitimate consumers, TracFone and Nokia, by bulk purchasing prepaid wireless telephones and reflashing, repackaging, and reselling the counterfeit prepaid wireless phones for profit.

63.     TracFone obtained a Final Judgment and Permanent Injunction in a number of cases copies of which are attached as Composite Exhibit C.

64.     All conditions precedent to filing this action have been performed, waived or excused.

65.    TracFone has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## COUNT ONE
## BREACH OF CONTRACT

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

66. By purchasing TracFone Prepaid Phones, Defendants acknowledged and agreed to the Terms and Conditions of Service ("Terms and Conditions") included with each TracFone Prepaid Phone as conspicuously printed on the package and as contained in the printed inserts packaged with the phones.

67. The Terms and Conditions constitute a binding contract between TracFone and Defendants.

68. Defendants have violated the Terms and Conditions by purchasing TracFone Prepaid Phones with the specific intent to reflash the phones and/or ship the phones outside of the United States.

69. Defendants' actions constitute a breach of Defendants' contract with TracFone. TracFone has suffered damages as a result of Defendants'

## COUNT TWO
## FEDERAL TRADEMARK INFRINGEMENT

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

70.    Defendants' and/or their co-conspirator's aforementioned conduct entailed use of the Marks without authorization in connection with their conspiracy to sell and offer for sale reflashed and counterfeit TracFone Prepaid Phones, which downstream customers will discover are not capable for use with the TracFone prepaid wireless service.

71.    Defendants' and/or their co-conspirator's use of the Marks in connection with the sale of reflashed and counterfeit TracFone Phones has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendants' counterfeit products, and the relationship between TracFone and Defendants.

72.    Defendants' and/or their co-conspirator's unauthorized use of the TracFone Marks is likely to continue in the future, all to the great and irreparable damage to the business, reputation and goodwill of TracFone.

73.    Defendants' and/or their co-conspirator's use and sale of the TracFone Marks in connection with the reflashed and counterfeit TracFone Phones, which are no longer capable of use with the TracFone prepaid wireless service constitutes a misappropriation of TracFone's distinguishing and identifying Marks that were created as a result of effort and expense by TracFone over a long period of time.   Defendants' and/or their co-conspirator's use of the TracFone Marks evokes an immediate, favorable impression or association and constitutes a false representation that the products and business of Defendants have some connection, association, or affiliation with TracFone, and thus constitutes false designation of origin.

74.    Defendants, in committing the foregoing acts in commerce, have damaged, and will continue to damage, TracFone and the reputation and goodwill of TracFone, and each has unjustly enriched and will continue to unjustly enrich his or herself at the expense of TracFone. TracFone is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

75.    Defendants' aforesaid acts constitute infringement of TracFone's federally registered trademarks in violation of 15 U.S.C. § 1114.

## COUNT THREE
## COPYRIGHT INFRINGEMENT OF THE PREPAID SOFTWARE

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

76.     TracFone has the exclusive right to reproduce and prepare derivative works of its federally copyrighted TracFone Prepaid Software pursuant to 17 U.S.C. § 106.

77.     Defendants' and/or its co-conspirators' actions in reflashing or otherwise modifying the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized derivate work of the TracFone Prepaid Software.

78.     Defendants' and/or its co-conspirators' actions in improperly reflashing the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction of the TracFone Prepaid Software.

79.     Defendants know or should know their conduct constitutes copyright infringement under Title 17 of the United States Code.

80.     Defendants' actions have damaged and will continue to irreparably injure TracFone unless Defendants' conduct is enjoined by this Court.

## COUNT FOUR
## CIRCUMVENTION OF TECHNOLOGICAL MEASURES THAT CONTROL ACCESS TO COPYRIGHTED SOFTWARE

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

81.     The TracFone Prepaid Software contains technological measures that in the ordinary course of the measures' operation require the application of information, or a process or a treatment, with TracFone's authority, to gain access to the proprietary software, as set forth in 17 U.S.C. § 1201.

82.     The TracFone Prepaid Software contains technological measures that effectively control access to the proprietary software.

83.     TracFone did not give Defendants or their co-conspirators authority to reflash or otherwise to avoid, bypass, remove, disable, deactivate, or impair the technological measures for effectively controlling access to and operation of the TracFone Prepaid Software.

84.     TracFone did not grant Defendants or their co-conspirators the authority to circumvent the technological measures for effectively controlling access to the TracFone Prepaid Software.

85.     Defendants acted, and/or knowingly engaged in a conspiracy, to avoid, bypass, remove, disable, deactivate, or impair a technological measure for effectively controlling access to the proprietary software without TracFone's authority.

86.     Defendants engaged in this misconduct for the purpose of reselling the altered devices for a profit, and not for the sole purpose of lawfully connecting to a wireless telephone communication network.

87.     Defendants acted to, and/or knowingly engaged in a conspiracy designed to, circumvent a technological measure that effectively controls access to the TracFone Prepaid Software that is protected under title 17 of the United States Code, and thereby violated 17 U.S.C. § 1201.

88.     Defendants' conduct has caused and, unless restrained, will continue to cause TracFone severe, immediate, and irreparable injury and damages for which TracFone has no adequate remedy at law. TracFone is entitled to injunctive relief restraining such conduct, an award of damages, including punitive damages, as well as other equitable and legal relief.

## COUNT FIVE
## TRAFFICKING IN SERVICES THAT CIRCUMVENT
## TECHNOLOGICAL MEASURES PROTECTING COPYRIGHTED SOFTWARE

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

89.     Defendants are, or are knowingly facilitating co-conspirators, in possession of certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the TracFone Prepaid Software that effectively control access to the proprietary TracFone Prepaid Software.

90.     Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification.

91.     Individuals purchasing altered phones from Defendants or their co-conspirators purchase both the TracFone prepaid wireless phone and the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification provided by Defendants or their co-conspirators.

92.     Accordingly, Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software by offering to the public its alteration service for a fee.

93.     The service of altering the TracFone Prepaid Software in TracFone prepaid wireless phones is primarily designed or produced for the purpose of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

94.     Accordingly, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

95.     The service of altering the TracFone Prepaid Software has, at most, only a limited commercially significant purpose or use other than circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

96.     Therefore, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

**COUNT SIX**
**FEDERAL UNFAIR COMPETITION**

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

97.     Defendants' conduct, described with more particularity in this complaint, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

98.     TracFone has been damaged, or is likely to be damaged, by Defendants' conduct.

**COUNT SEVEN**
**TORTIOUS INTERFERENCE WITH BUSINESS**
**RELATIONSHIPS AND PROSPECTIVE ADVANTAGE**

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

99.     A business relationship, and an expectancy of business relationships, exists between TracFone and retailers of TracFone Prepaid Phones and prepaid airtime minutes.

100.   A business relationship, and an expectancy of business relationships, exists between TracFone and the purchasers and prospective purchasers of its phones and service.

101.   There is a high probability of future economic benefit to TracFone as a result of these current and prospective business relationships.

102.   Defendants have knowledge of and have intentionally and unjustifiably interfered with, and/or have knowingly facilitated a conspiracy to interfere with, these current and prospective business relationships between TracFone, authorized retailers who sell TracFone products and legitimate TracFone customers.

103.   Specifically, but without limitation, Defendants knew that TracFone had business relationships with retailers of TracFone Prepaid Phones to provide said retailers with sufficient quantities of TracFone Prepaid Phones for said retailer's legitimate consumers.  Defendants' deliberate actions have caused a shortage of available TracFone Prepaid Phones, thereby substantially harming TracFone and its relationship with retailers because TracFone is unable to supply retailers with sufficient handsets to satisfy the demands from legitimate consumers. Moreover, Defendants knew that TracFone had business relationships with legitimate consumers of TracFone Prepaid Phones and that TracFone Prepaid Phones are designed for the exclusive use by TracFone customers within TracFone's prepaid wireless network.  Defendants also knew that TracFone had business relationships with legitimate consumers of TracFone prepaid airtime minutes to ensure the proper function and use of TracFone Prepaid Phones.

104.   Defendants are intentionally interfering with these relationships through improper means and in violation of the law.

105.    But for Defendants' conduct, TracFone was reasonably certain to have continued its business relationships and prospective relationships with its retailers and legitimate customers.

106.    TracFone has been proximately damaged and continues to be damaged as a result of Defendants' interference.

## COUNT EIGHT
## UNFAIR COMPETITION AND FALSE ADVERTISING

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

107.    Defendants' and/or their co-conspirator's conduct in bulk purchasing TracFone Prepaid Phones, reflashing, disabling or removing the TracFone Prepaid Software from these Prepaid Phones, and reselling these reflashed phones was and is willful and constitutes an unfair method of competition, an unconscionable act or practice, and an unfair or deceptive act or practice in violation on § 501.204, Fla. Stat.

108.    The TracFone prepaid cellular phones that Defendants and/or their co-conspirators reflashed and sold as new are branded with the TracFone Marks. Defendants' participation in the sale of altered and counterfeit TracFone prepaid wireless phones as new products carrying the TracFone Marks constitutes an unfair method of competition, an unconscionable act or practice, and an unfair or deceptive act or practice in violation on § 501.204, Fla. Stat.

109.    TracFone has suffered damage as a direct and proximate result of Defendants' conduct. Pursuant to § 501.211, Fla. Stat., TracFone is entitled to entry of an injunction enjoining Defendants from any further violations of the statute. Section 501.211 further provides that TracFone is entitled to recover its actual damages, plus attorneys' fees and court costs.

<u>COUNT NINE</u>
**HARM TO TRACFONE'S GOODWILL AND BUSINESS REPUTATION**

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65, and further alleges:

110.    TracFone is in the business of, and has earned a reputation for, providing its customers with high quality prepaid wireless telephone service.

111.    The TracFone prepaid cellular phones that Defendants and/or their co-conspirators reflashed and resold as new are branded with TracFone's Marks.

112.    Defendants' conduct has resulted in substantial harm to TracFone as more particularly set forth above.

113.    Defendants' conduct in selling, or knowingly facilitating the sale of, altered TracFone Prepaid Phones units is more than likely to injure TracFone's business reputation and dilute the distinctive quality of its Marks, trade names and/or labels in violation of § 495.151, Fla. Stat.

114.    TracFone requests preliminary and permanent injunctive relief against Defendants pursuant to § 495.151, Fla. Stat.

<u>COUNT TEN</u>
**CIVIL CONSPIRACY**

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

115.    An agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators, to unlawfully bulk purchase, traffic and resell unlawfully reflashed and counterfeit TracFone Prepaid Phones under TracFone Marks and copyrights.

MIA#2616943.1

22

116.    Defendants each knowingly agreed to engage, and did engage, in one or more overt act in pursuit of the conspiracy as set forth with more particularity in this complaint.

117.    TracFone has been proximately damaged by the conspiracy and Defendants' actions in furtherance of the conspiracy.

**COUNT ELEVEN**
**UNJUST ENRICHMENT**

TracFone incorporates and re-alleges the allegations set forth in paragraphs 1 through 65 above, and further alleges:

118.    By bulk purchasing the TracFone Prepaid Phones below the manufacturer cost of the phones, Defendants have obtained benefits from TracFone which have led to significant financial gain to Defendants through their resale of the bulk purchased TracFone Prepaid Phones.

119.    Defendants have acquired the benefits voluntarily and with full knowledge of the benefits.

120.    Defendants have retained the benefits under such circumstances that make it unjust and inequitable for Defendants to retain the benefits without paying TracFone the value of the benefits Defendants' acquired.

121.    Defendants have retained the benefits under such circumstances that make it unjust and inequitable for Defendants to retain the benefits without paying TracFone the value of the benefits Defendants' acquired.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all triable issues.

WHEREFORE, Plaintiff, TracFone Wireless, Inc., a Florida corporation, respectfully requests that this Court enter final judgment in favor of TracFone and against Defendants,

MIA#2616943.1

Phones N' Phones Texas, Inc., a Texas corporation, Wireless Housing, Inc., a Texas corporation, ASPAC, Inc., a Texas corporation, Murad Mehdi Velani and Amin Sayani, as follows:

(a) awarding TracFone its compensatory, consequential, statutory and special damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, as provided by law, together with pre and post judgment interest;

(b) awarding TracFone its reasonable attorneys' fees and costs associated with this action,

(c) awarding TracFone preliminary and permanent injunctive relief against Defendants enjoining Defendants from engaging in the unlawful practices described in this complaint; and

(d) granting such further relief as this Court deems just and proper.

Dated: May //ᵗʰ, 2007

Respectfully submitted,

By: _____ Steven J. Brodie
James B. Baldinger, Trial Counsel      Florida Bar Number 333069
Florida Bar Number 869899              Maria C. Montenegro
CARLTON FIELDS, P.A.                   Florida Bar Number 996084
P.O. Box 150                           CARLTON FIELDS, P.A.
West Palm Beach, FL 33402-0150         P.O. Box 019101
Telephone: 561.659.7070                Miami, FL 33131-9101
Facsimile: 561.659.7368                Phone: 305.530.0050
Email: Jbaldinger@carltonfields.com    Fax: 305.530.0055
                                       Email: SBrodie@carltonfields.com
                                       Email: MMontenegro@carltonfields.com

*Attorneys for Plaintiff, TracFone Wireless, Inc.*

# EXHIBIT A

Int. Cls.: 9, 35 and 38

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, 102 and 104

**United States Patent and Trademark Office**

Reg. No. 2,761,017
Registered Sep. 9, 2003

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**



TRACFONE WIRELESS, INC (FLORIDA COR-
PORATION)
8390 NW 25TH STREET
MIAMI, FL 33122

FOR ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES, PRE-
PAID AIR TIME CELLULAR TELEPHONES,
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, BATTERY CHARGERS, STANDS, ANTENNAE,
HEADSET KITS COMPRISED OF HANDS FREE
ELECTRONIC EARPIECE WITH MICROPHONE
AND HOLSTER, HANDS FREE HEADSETS, CASES
WITH FLAPS, POWER ADAPTERS, BATTERIES,
CARRY SLEEVES, FACE PLATES, BELT CLIPS,
HOLSTERS, MOUNTING ATTACHMENTS, IN
CLASS 9 (U S CLS 21, 23, 26, 36 AND 38)

FIRST USE 12-0-2000, IN COMMERCE 12-0-2000

FOR ON-LINE RETAIL STORE SERVICES FEA-
TURING CELLULAR TELEPHONES, PRE-PAID

WIRELESS AIR TIME CARDS, CELLULAR TELE-
PHONE ACCESSORIES AND WIRELESS SERVICES,
IN CLASS 35 (U S CLS 100, 101 AND 102)

FIRST USE 12-0-2000, IN COMMERCE 12-0-2000

FOR PROVIDING CELLULAR TELEPHONE
SERVICES AND PROVIDING MONITORING AND
CONTROL SERVICES FOR USE IN CONJUNCTION
WITH PREPAID AIR TIME CELLULAR PHONES
AND DEBIT CARDS, IN CLASS 38 (U S CLS 100, 101
AND 104)

FIRST USE 12-0-2000, IN COMMERCE 12-0-2000

OWNER OF U S REG NO 2,114,692

SER NO 76-396,136, FILED 4-15-2002

CATHERINE FAINT, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cls.: 9, 38, and 42

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, and 104

Reg. No. 2,114,692

## United States Patent and Trademark Office

Registered Nov 18, 1997

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## TRACFONE

TOPP, INC (FLORIDA CORPORATION)
8280 N W 27TH STREET
SUITE 506
MIAMI, FL 33122

FOR ELECTRONIC COMMUNICATIONS EQUIPMENT, NAMELY, CELLULAR TELE-PHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND CELLULAR TELEPHONE ACCESSORIES, NAMELY, PREPAID AIRTIME DEBIT CARDS, BATTERY CHARGERS, STANDS, ANTENNAE, VOICE AMPLIFIERS AND MICROPHONES, COMPUTER PRO-GRAMS FOR USE IN CONTROLLING AND MONITORING PREPAID AIRTIME CELLULAR TELEPHONE SERVICE, IN CLASS 9 (U S CLS 21, 23, 26, 36 AND 38)

FIRST USE 6–30–1996, IN COMMERCE 6–30–1996

FOR PROVIDING CELLULAR TELEPHONE SERVICES AND PROVIDING MONITORING AND CONTROL SERVICES FOR USE IN CON-JUNCTION WITH PREPAID AIRTIME CELLU-LAR PHONES AND DEBIT CARDS, IN CLASS 38 (U S CLS 100, 101 AND 104)

FIRST USE 6–30–1996, IN COMMERCE 6–30–1996

FOR WHOLESALE DISTRIBUTORSHIP FEATURING OF CELLULAR TELEPHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND PREPAID AIRTIME DEBIT CARDS, AND SOFTWARE FOR CONTROLLING AND MONI-TORING PREPAID AIRTIME CELLULAR SERVICE, IN CLASS 42 (U S CLS 100 AND 101)

FIRST USE 6–30–1996, IN COMMERCE 6–30–1996

SN 75–074,390, FILED 3–18–1996

DAVID NICHOLSON, EXAMINING ATTOR-NEY

# EXHIBIT C



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-23279-CIV-Altonaga/Turnoff

---------------------------------------- .......x

TRACFONE WIRELESS, INC.,
a Florida corporation,
          :
                    *Plaintiff,*
          :
     v.
          :
SOL WIRELESS GROUP, INC.,
a Florida corporation, CARLOS PINO,
an individual, and JORGE ROMERO,
an individual,
          :
                    *Defendants.*
          :
---------------------------------------------x

**CLOSED
CIVIL
CASE**

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff TracFone Wireless, Inc. ("TracFone"), filed a Complaint on December 21,

2005 asserting that Defendants Sol Wireless Group, Inc., Carlos Pino, and Jorge Romero

(collectively "the Sol Wireless Defendants") are purchasing TracFone prepaid wireless

telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and

erasing or disabling the TracFone proprietary prepaid software that enables consumers to

access TracFone's prepaid wireless service, and then reselling the wireless telephones as new

for use on other wireless carriers' networks/systems. Based on that conduct, the Complaint

asserts claims against the Sol Wireless Defendants for federal trademark infringement and

unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.,*

injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.,* unfair



competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with the business relationship between TracFone and Nokia Corporation ("Nokia"). On January 13, 2006, TracFone filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Sol Wireless Defendants have denied the allegations of TracFone's Complaint. This Court having considered the Complaint, declarations and exhibits, memoranda of law, and further evidence submitted therewith, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1.     This Court has jurisdiction over all the parties and all of the claims for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with business relationship between TracFone and Nokia, asserted in the above action.

2.     Plaintiff owns all right, title, and interest in and to the trademark TRACFONE.

3.     Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

  i.    purchasing or selling any wireless mobile phone bearing the TRACFONE trademark ("TracFone phones");

  ii.   engaging in the alteration or unlocking of any TracFone phones;

  iii.  facilitating or in any way assisting other persons or entities that the Sol Wireless Defendants knew or should have known were engaged in altering or unlocking any TracFone phone;

  iv.   using either the TRACFONE trademark, or any other mark that is likely to cause confusion therewith, without authorization;

  v.    misrepresenting any used products as new or in any way infringing on TracFone's trademarks or misrepresenting that TracFone warrants the used and/or re-conditioned phones.

4.     This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violations of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and a payment of damages to TracFone in an amount of not less than $5,000.00 for each wireless phone that the Sol Wireless Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

5.   The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this _27_ day of _February_____, 2006.

_Cecilia M. Altonaga_

HON. CECILIA M. ALTONAGA
United States District Judge

4

**CLOSED**
**CIVIL**
**CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61956-Civ- ALTONAGA/Turnoff



TRACFONE WIRELESS, INC

Plaintiff,

vs.

PAN OCEAN COMMUNICATIONS, INC.,
SAMAR MUNIR, and SYED M. HUSSAIN

Defendants.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff TracFone Wireless, Inc. ("TracFone"), filed a Complaint on December 27, 2005

asserting that Defendants Pan Ocean Communications, Inc., Samar Munir, and Syed M. Hussain

(collectively "the Pan Ocean Defendants") are purchasing TracFone prepaid wireless telephones

from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling

the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid

wireless service, and then reselling the wireless telephones as new for use on other wireless

carriers' networks/systems.  Based on that conduct, the Complaint asserts claims against the Pan

Ocean Defendants for federal trademark infringement and unfair competition under the

Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and

dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade

practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control

access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that

circumvent technological measures protecting proprietary software under 17 U S.C. § 1201 *et*

WPB#6711543.1

*seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with the business relationship between TracFone and Nokia Corporation ("Nokia"). On January 13, 2006, TracFone filed a Motion for a Preliminary Injunction (Docket No. 10) and a Motion for Expedited Discovery (Docket No. 12) with supporting declarations and exhibits and accompanying memoranda of law.   The Pan Ocean Defendants have denied TracFone's allegations.   This Court having considered the Complaint, declarations and exhibits, motions, memoranda of law, and further evidence submitted therewith, and the parties' stipulation regarding entry of this order, it is hereby:

### ORDERED, ADJUDGED, and DECREED that:

1.    This Court has jurisdiction over all the parties and all of the claims for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with business relationship between TracFone and Nokia, asserted in the above action.

2.    Plaintiff owns all right, title, and interest in and to the trademarks TRACFONE and NET10 (the "TRACFONE Trademarks").

3.    The Pan Ocean Defendants understand and acknowledge that TracFone is the owner of the TRACFONE Trademarks, and recognize and acknowledge the validity of the TRACFONE Trademarks and that such TRACFONE Trademarks are distinctive, protectable,

2

famous, has acquired secondary meaning and is associated exclusively with TracFone. The Pan

Ocean Defendants shall not challenge or in any way contest the validity or protectability of the

TRACFONE Trademarks.

    4.    The Pan Ocean Defendants and any of their representatives, subsidiaries, related

or affiliated entities, agents, officers, directors, servants, and employees, and any and all persons

and entities in active concert and participation with them who receive notice of this order by

personal service or otherwise, shall be and hereby are permanently enjoined from:

        i.    purchasing and/or selling any wireless mobile phone that they know or should know bears the TRACFONE trademark, bears the NET10 trademark, bears any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone phones");

        ii.    engaging in the alteration or unlocking of any TracFone phones;

        iii    facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants know or should know are engaged in altering or unlocking any TracFone phone;

        iv.    knowingly using the TRACFONE trademark, the NET10 trademark, or any other mark owned or used by TracFone, or that is likely to cause confusion therewith, without authorization;

        v.    knowingly misrepresenting any used products as new or in any way infringing on TracFone's trademarks or knowingly misrepresenting that TracFone warrants the used and/or re-conditioned phones.

vi.     This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Final Judgment and Permanent Injunction, *inter alia*, by a finding of contempt of court.

5.     This Final Judgment and Permanent Injunction on Consent shall be binding on the Pan Ocean Defendants, their successors and assigns

6.     Each party waives its right to appeal from the entry of this Final Judgment.

7.     The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

DONE AND ORDERED in chambers at Miami, Florida, this __7__ day of August , 2006.

HON. CECILIA M. ALTONAGA
United States District Judge

Copies to:     James B. Baldinger, Counsel for Plaintiff
A. George Gutierrez, Counsel for Defendants

4



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 06-20011-CIV-ALTONAGA/Turnoff

------------------------------------------------------x
NOKIA CORPORATION,  :
a Finnish corporation,  :
                           :
               *Plaintiff,*  :
                           :
v.  :
                           :
SOL WIRELESS GROUP, INC.,  :
a Florida corporation, CARLOS PINO,  :
an individual, and JORGE ROMERO,  :
an individual,  :
                           :
             *Defendants.*  :
------------------------------------------------------x

## FINAL JUDGMENT AND PERMANENT INJUNCTION

       Plaintiff Nokia Corporation ("Nokia"), filed a Complaint on January 4, 2006 asserting that Defendants Sol Wireless Group, Inc., Carlos Pino, and Jorge Romero (collectively "the Sol Wireless Defendants") are purchasing NOKIA 1100 and 2600 TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems and, in some cases, re-packaging the phones in packaging bearing the NOKIA trademark that is intended for use solely in the Latin American market. Based on that conduct, the Complaint asserts claims against the Sol Wireless Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, and unfair competition and deceptive

trade practices under Fla. Stat. § 501.204 *et seq.* Together with the filing of the Complaint, on January 4, 2006, Nokia filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Sol Wireless Defendants have denied the allegations of Nokia's Complaint. The Court having considered the Complaint, declaration and exhibits, memoranda of law, and further evidence submitted therewith, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1.      This Court has jurisdiction over all the parties and all of the claims for trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*; and the related causes of action under the common law and statutory law of the State of Florida, namely, Fla. Stat. § 495.151 *et seq.*, and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.*, asserted in the above action.

2.      Plaintiff owns all right, title, and interest in and to the trademark NOKIA, including U.S. Trademark Registration Nos. 2,676,153 and No. 1,570,492 for the mark NOKIA, among other registrations.

3.      Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

        i.      engaging in the alteration or unlocking of any new wireless mobile phone manufactured by Nokia ("Nokia phone");

2

ii.   facilitating or in any way assisting other persons or entities that the Sol Wireless Defendants knew or should have known were engaged in altering or unlocking any new Nokia wireless phone;

iii.  using the trademark NOKIA, or any other mark that is likely to cause confusion therewith, without authorization;

iv.   misrepresenting the nature or quality of any Nokia products offered, marketed, or sold by the Sol Wireless Defendants;

v.    selling used and/or reconditioned Nokia mobile phones that do not comply with the legal parameters set forth in *Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924) and its progeny, to wit: the packaging and/or labeling for the used and/or reconditioned phones must clearly state (1) that the trademarked product has been re-packed; (2) that the re-packer is wholly separate and distinct from the original manufacturers; (3) the name of the re-packer; and (4) that the label not emphasize the original manufacturer's trademark.   Sol Wireless shall be deemed to have complied with this section (v) by affixing to each used and/or reconditioned phone and the packaging in which they are sold and/or shipped a label that contains the following language:

> *"This package contains used/re-conditioned phones that have been re-packaged by Sol Wireless, Inc. who is not affiliated with the manufacturer or authorized by the manufacturer to resell these phones.   No manufacturers' warranties of any kind are provided with any of the phones contained herein."*

3

vi.   misrepresenting any used products as new or in any way infringing on

Nokia's trademarks or misrepresenting that Nokia warrants the used

and/or re-conditioned phones.

4.     This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violations of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and a payment of damages to Nokia in an amount of not less than $5,000.00 for each wireless phone that the Sol Wireless Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

5.     The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this ____ day of _____, 2006.

HON. CECILIA M. ALTONAGA
United States District Judge

4

**CLOSED
CIVIL
CASE**

Image reflects quality of original submission

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20012-CIV-ALTONAGA/Turnoff

NOKIA CORPORATION
a Finnish corporation,

        Plaintiff,

vs.

PAN OCEAN COMMUNICATIONS, INC.,
SAMAR MUNIR, and SYED M. HUSSAIN

        Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Nokia Corporation ("Nokia"), filed a Complaint on January 4, 2006 asserting

that Defendants Pan Ocean Communications, Inc., Samar Munir, and Syed M. Hussain

(collectively "the Pan Ocean Defendants") are purchasing NOKIA 1100 and 2600 TracFone

prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club,

hacking into and erasing or disabling the TracFone proprietary prepaid software that enables

consumers to access TracFone's prepaid wireless service, and then reselling the wireless

telephones as new for use on other wireless carriers' networks/systems and in some cases,

packaging the phones in counterfeit packaging bearing the NOKIA trademark. Based on that

conduct, the Complaint asserts claims against the Pan Ocean Defendants for federal

trademark infringement and unfair competition under the Trademark Act of 1946, as

amended, 15 U.S.C. § 1051, *et seq*, injury to business reputation and dilution of mark under

Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.* Together with the filing of the Complaint, on January 4, 2006, Nokia filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Pan Ocean Defendants have denied the allegations of Nokia's Complaint.

The Court having considered the Complaint, declaration and exhibits, memoranda of law, and further evidence submitted therewith, and the parties' stipulation regarding entry of this order, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1.      This Court has jurisdiction over all the parties and all of the claims for trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*; and the related causes of action under the common law and statutory law of the State of Florida, namely, Fla. Stat. § 495.151 *et seq.*, and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.*, asserted in the above action.

2.      Plaintiff owns all right, title, and interest in and to the trademark NOKIA, including U.S. Trademark Registration Nos. 2,676,153 and No. 1,570,492 for the mark NOKIA, among other registrations which registrations are valid, subsisting and in full force and effect (the "NOKIA Trademark").

3.      The Pan Ocean Defendants understand and acknowledge that Nokia is the owner of the NOKIA Trademark, and recognize and acknowledge the validity of the NOKIA Trademark and that such NOKIA Trademark is distinctive, protectable, famous, has acquired

2

secondary meaning and is associated exclusively with Nokia. The Pan Ocean Defendants shall not challenge or in any way contest the validity or protectability of the NOKIA Trademark.

    4.    The Pan Ocean Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, officers, directors and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

      i.    engaging in the alteration or unlocking of any new wireless mobile phone manufactured by Nokia ("Nokia phone").

      ii.    knowingly facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants knew or should know are engaged in altering or unlocking any Nokia wireless phone;

      iii.    using the trademark NOKIA, or any other mark that is likely to cause confusion therewith as proscribed by the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the case precedent thereunder, without authorization;

      iv.    knowingly misrepresenting the nature or quality of any Nokia products offered, marketed, or sold by the Pan Ocean Defendants (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard, so long as reliance is in good faith);

v.     selling used and/or reconditioned Nokia mobile phones or facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants knew or should have known were engaged in selling used and/or reconditioned Nokia mobile phones that do not comply with the legal parameters set forth in *Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924) and its progeny (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard, so long as reliance is in good faith);

vi.    knowingly misrepresenting any used products as new or in any way infringing on Nokia's trademarks or misrepresenting that Nokia warrants the used and/or reconditioned phones (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard so long as reliance is in good faith);

vii.   knowingly dealing in any way with counterfeit Nokia products including, but not limited to counterfeit NOKIA boxes as shown in Exhibit C to the Complaint;

viii.  shall not purchase, distribute or sell NOKIA products that the Pan Ocean Defendants acquired, obtained or purchased outside the United States, nor shall the Pan Ocean Defendants purchase, distribute, or sell gray market NOKIA products that are materially different from authorized NOKIA products meant for sale in the United States. *See Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44 (2nd Cir. 1991);

4

       ix.     shall not purchase, distribute or sell new genuine NOKIA products that are not packaged in their original packaging.

5.         This Final Judgment and Permanent Injunction on Consent shall be binding on the Pan Ocean Defendants, their successors and assigns.

6.         Each party waives its right to appeal from the entry of this Final Judgment.

7.         This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Final Judgment and Permanent Injunction by a finding of contempt.

8.         The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this _8_ day of August , 2006.

_Cecilia M. Altonaga_
HON. CECILIA M. ALTONAGA
United States District Judge

Copies to:    Robert S. Weisbein, Counsel for Plaintiff
            A. George Gutierrez, Counsel for Defendants

# CIVIL COVER SHEET

**07-21242**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**CIV-KING**

## I. (a) PLAINTIFFS
TRACFONE WIRELESS, INC., a Florida Corporation,

**(b)** County of Residence of First Listed Plaintiff _MIAMI-DADE_
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address and Telephone Number)
JAMES B. BALDINGER, ESQ.
CARLTON FIELDS, P.A.
Esperante
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401-6149
Tel: (561) 659-7070; Facsimile: (561) 659-7368

Dade / 07-21242 cv-king / Garber

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## DEFENDANTS
PHONES N' PHONES, INC., a Texas corporation, WIRELESS HOUSING, INC., a Texas corporation, ASPAC, Inc., a Texas corporation, MURAD MEHDI VELANI, individually, AMIN SAYANI, a/k/a Naushad Sayani, individually, and JOHN DOE NOS. 1 through 20, individually

County of Residence of First Listed _FOREIGN_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

MAGISTRATE JUDGE
GARBER

Attorneys (If Known)

FILED by _____ D.C.

MAY 11 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government1 Plaintiff

☐ 2 U.S. Government2 Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for plaintiff
(For Diversity Cases Only) And One Box For Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated or Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/ DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | Reporting & | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party | ☐ 895 Freedom of |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 28 USC 7609 | Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access to |
| | Employment | ☐ 550 Civil Rights | | | Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State |
| | Other | | | | Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed-(See VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)
(See instructions second page):

a) Re-filed Case ☐ Yes ☒ No   b) Related Cases ☐ Yes ☒ No
This case questions whether defendants violated copyright and trademark laws. Similar cases seeking similar relief are attached to this Complaint.
JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)
Damages for breach of contract and for federal trademark violations. 17 U.S.C. §1201; 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)

LENGTH OF TRIAL via ___14___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ ☐   CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 5/11/07

FOR OFFICE USE ONLY:
AMOUNT 350 —   RECEIPT # 959540   IFP _____

MIA#2618177.1